1   Sean P. Healy (SBN 018393)
    Kristian E. Nelson (SBN 025111)
2   LEWIS BRISBOIS BISGAARD & SMITH LLP
3   Phoenix Plaza Tower II
    2929 North Central Avenue, Suite 1700
4   Phoenix, Arizona 85012
5   Telephone: 602-385-1040
    Sean.Healy@lewisbrisbois.com
6   Kristian.Nelson@lewisbrisbois.com
7   Attorneys for Defendants Burri Law, P.A. and Dean Burri

8   Deanna R. Rader (SBN 020448)
9   Jamie L. Mayrose (SBN 024190)
    RADER MAYROSE, LLP
10  812 North Second Avenue
11  Phoenix, Arizona 85003
    Telephone: (602) 384-2292
12  drader@radermayrose.com
13  jmayrose@radermayrose.com
    Attorneys for Counter-Claimants Burri Law, P.A. and Dean Burri
14

15              IN THE UNITED STATES DISTRICT COURT
16
                   FOR THE DISTRICT OF ARIZONA
17

18  Byzantine Catholic Eparchy of Phoenix, an
    Arizona corporation,
19
                        Plaintiff,
20                                                  Case No.: 2:20-CV-779-PHX-ROS
21  vs.

22  Burri Law, P.A., a Florida professional         JOINT NOTICE OF DISCOVERY
    association; Dean Allen Burri, a Florida        DISPUTE RE: PRIVILEGED
23  resident,                                       MATERIALS
24
                        Defendants
25  _____
26  Burri Law, P.A., a Florida professional
    association; Dean Allen Burri, a Florida
27  resident,
28                 Counter-Claimants,

1  vs.

2  Byzantine Catholic Eparchy of Phoenix, an
3  Arizona corporation,

4  Counter-Defendant

5

6        The Parties give notice to the Court of a discovery dispute that the parties have been

7  unable to resolve regarding Plaintiff/Counter-Claimant Byzantine Catholic Eparchy of

8  Phoenix's ("Plaintiff" or "Eparchy of Phoenix") privilege log, attached hereto as Exhibit A,

9  and a requested protective order. Pursuant to the Court's orders regarding discovery disputes,

10 the parties jointly file this notice of discovery dispute.

11       **I.  Summary of the Dispute**

12                      *Issue #1: Privileges*

13       Plaintiff identified two documents that it claims do not need to be disclosed due to both

14 attorney client privilege and work product privilege. The documents are identified as being

15 prepared "in anticipation of litigation and providing legal advice." The author of the

16 documents is Bishop Kurt Burnette, a California attorney, and the recipient of both documents

17 is Archbishop Christophe Pierre, the Apostolic Nuncio to the United States located in

18 Washington D.C. Bishop Burnette shared these documents with Bishop Olmstead, who at the

19 time was the administrative head of the Eparchy of Phoenix. Bishop Olmstead then provided

20 these documents to Dennis Naughton, an attorney for the Eparchy of Phoenix. Mr. Naughton

21 then provided the documents to Kutak Rock, LLP.

22                   *Issue #2: Protective Order*

23       Whether the Court should issue a protective order over all pre-trial discovery.

24       **A.  Issue #1: Privilege**

25              **Defendants/Counter-Claimants' Position**

26       Attorney-client privilege is waived when privileged communications are disclosed to

27 third parties <u>or</u> when asserting a claim that relies on privileged material. *Chevron Corp. v.*

28

*Pennzoil Co.,* 974 F. 2d 1156, 1162 (9th Cir. 1992). Attorney Burnett sent documents to Mr. Pierre, and then later disclosed them to Plaintiff, a third-party.  Additionally, the documents concern the dismissal of the underlying 2018 lawsuit that gives rise to Plaintiff's claims. Work product only applies when the document is prepared in anticipation of litigation. *See* Fed. R. Civ. P. 26(b)(3).  Common interest doctrine is narrowly construed and protects "only those communications made to facilitate the rendition of legal services to each of the clients involved." *Ariz. Indep. Redistricting Comm'n v. Fields*, 206 Ariz. 130,142, ¶¶38 – 39, 75 P. 3d 1088, 1100 (App. 2003)(emphasis added).  Mr. Pierre had no connection to the Eastern Catholic Benefits Plan ("ECBP"), so litigation was not anticipated.  The newly identified statutes cited to withhold the documents (that were not in the privilege log) do not support "inviolability."   *Milivojevich* stands for respecting religious decisions, not preventing their disclosure.  Also, the documents were shared with several non-diplomats.

### Plaintiff/Counter-Defendant's Position

These documents (a memo and timeline) are confidential and privileged. They were written by a civil and canon law attorney, Bishop Kurt Burnette, to Archbishop Christophe Pierre, the Apostolic Nuncio to the United States (the Holy See's U.S. Ambassador) and discuss internal church governance related to pending and potential litigation with Mr. Burri. They are constitutionally protected from scrutiny as an issue of internal church governance. *Serbian E. Orthodox Diocese for U. S. of Am. & Canada v. Milivojevich*, 426 U.S. 696, 721 (1976). The documents were also written to a current U.S. diplomat and are his papers, which enjoy inviolability. 23 U.S.T. 3227, Art. 31; 22 U.S.C. § 254d. Attorney client privilege and work product applies because they were written by an attorney providing legal advice to church governance in anticipation of litigation. The common interest doctrine prevents waiver as they were shared by Bishop Burnett with Bishop Thomas Olmsted and forwarded by Phoenix Diocese counsel to the Eparchy's counsel (not the Eparchy itself) under confidentiality and in common legal interest. *See Arizona Indep. Redistricting Comm'n v. Fields*, 206 Ariz. 130, 142, 75 P.3d 1088, 1100 (App. 2003).

1

2

### B.  Issue #2: Protective Order

#### Plaintiff/Counter-Defendant's Position

3

4

5

6

7

8

9

10

11

12

13

14

15

16

The Eparchy has offered to disclose to Mr. Burri the aforesaid documents and even allow for sharing of same under protective order in related lawsuits filed by Mr. Burri against various church officials and entities in other jurisdictions, provided that privileges are not thereby waived for future discovery. The Eparchy offered to expedite this process by letter agreement, and ultimately under a protective order. Mr. Burri has refused to enter into a letter agreement or stipulate to a protective order. A protective order is needed in this matter due to the highly sensitive nature of these and other documents in this case. Most significantly, Mr. Burri is the Eparchy's former lawyer. All information relating to Mr. Burri's representation is protected by ER 1.9 of the Arizona Rules of Professional Conduct.  Said documents and all other confidential and privileged materials as heretofore described should be under a protective order to protect all parties and the Eparchy from annoyance, embarrassment, and oppression. *See* Fed. R. Civ. P. 26(c). The Eparchy has drafted and will submit to the Court upon request a Proposed Protective Order for the documents described in Issue 1, and all other confidential materials in this cause.

17

#### Defendants/Counter-Claimants' Position

18

19

20

21

22

23

24

25

26

27

28

Plaintiff initiated this lawsuit, accusing Mr. Burri of wrongdoing.  These public accusations of fraud, published in Plaintiff's Complaint, have severely harmed Burri's ability to earn a living. Burri's defense, as shown through his client correspondence and other documents, should also be publicly accessible.  Pretrial discovery is presumptively public. *Father M. v. Various Tort Claimants (In re Roman Catholic Archbishop)*, 661 F. 3d 417, 424 (9th Cir. 2011).  The public has an interest in the truth.  Plaintiff has not provided good cause or described a specific prejudice or harm that will result if such an order is not put in place. The underlying lawsuit concerned whether the ECBP, which provided insurance for over 200 employees nationwide, was subject to ERISA or was a "church plan".  It is difficult to imagine how Plaintiff would be "annoyed, embarrassed, or oppressed" by having to disclose

4

documents. Moreover, <u>Plaintiff</u> put these issues in the public domain and waived privilege/confidentiality by filing this lawsuit. Defendants believe this request for a protective order is made to further suppress information from being accessible to the public and the Plan's participants about the Plan administrators' conversion and misappropriation of Plan funds.

## II. Joint Certification of Good Faith Consultation

By signing below, undersigned counsel confirm that they repeatedly exchanged correspondence regarding this discovery dispute and have also engaged in repeated telephonic consultations in an attempt to resolve this issue since June 17, 2021, pursuant to Local Rule 7.2(j) and the Court's Rule 16 Scheduling Order.  The parties are currently at an impasse and request the Court's assistance.

Dated this 22nd day of September, 2021.


RADER MAYROSE LLP

By: s/ Jamie L. Mayrose
    Deanna R. Rader
    Jamie L. Mayrose
*Attorneys for Counter-Claimants*
*Burri Law, P.A. and Dean Allen Burri*

LEWIS BRISBOIS BISGAARD & SMITH, LLP

By: s/ Kristian E. Nelson
Sean P. Healy
Kristian E. Nelson
*Attorneys for Defendants Burri Law, P.A.*
*and Dean Allen Burri*

KUTACK ROCK LLP

By: s/ Paul S. Gerding, Jr.
     Paul S. Gerding, Jr.
     Marc R. Lieberman
     Jeffrey M. Giancana
     *Attorneys for Plaintiff/Counter-*
     *Defendant Byzantine Catholic*

I hereby certify that on the 22nd day of September, 2021, I caused the foregoing document to be electronically transmitted to the Clerk's office, using the CM/ECF System for filing and transmittal of Notice of Electronic Filing to the following CM/ECF registrants:

Paul Gerding, Jr., Esq.
Marc Lieberman, Esq.
Jeffrey Giancana, Esq.
KUTAK ROCK LLP
8601 North Scottsdale Road, Suite 300
Scottsdale, Arizona 85253-2742
paul.gerdingjr@kutakrock.com
marc.lieberman@kutakrock.com
jeffrey.giancana@kutakrock.com
*Attorneys for Plaintiff*

Sean P. Healy, Esq.
Kristian E. Nelson, Esq.
LEWIS BRISBOIS BISGAARD & SMITH LLP
Phoenix Plaza Tower II
2929 North Central Avenue, Suite 1700
Phoenix, Arizona  85012-2761
Sean.Healy@lewisbrisbois.com
Kristian.Nelson@lewisbrisbois.com
*Attorneys for Burri Law, P.A. and Dean Burri*

s/ Lisa Young